IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARMANI COOK | : | HON. JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 10-2643 (JBS/AMD) |
| v. | : | |
| ERIC TAYLOR, et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

| | | |
|---|---|---|
| DARRELL CRONE | : | |
| Plaintiff, | : | Civil No. 10-1341 (JBS/AMD) |
| v. | : | |
| ERIC TAYLOR, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JOSEPH D. D'AGOSTINO | : | |
| Plaintiff, | : | Civil No. 10-2740 (JBS/AMD) |
| v. | : | |
| ERIC TAYLOR, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| DAVID ENGLISH | : | |
| Plaintiff, | : | Civil No. 10-2854 (JBS/AMD) |
| v. | : | |
| ERIC TAYLOR, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| NATHAN INGRAM | : | |
| Plaintiff, | : | Civil No. 10-2439 (JBS/AMD) |
| v. | : | |
| ERIC TAYLOR, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| BARRY LEWIS | : | |
| Plaintiff, | : | Civil No. 10-2543 (JBS/AMD) |
| v. | : | |
| ERIC TAYLOR, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| MARK W. MILLERLINE | : | |
| Plaintiff, | : | Civil No. 10-2741 (JBS/AMD) |
| v. | : | |
| ERIC TAYLOR, et al., | : | |
| Defendants. | : | |

```
DARRYL STOVE                    :
                Plaintiff,      :    Civil No. 10-3077 (JBS/AMD)
     v.                         :
ERIC TAYLOR, et al.,            :
                Defendants.     :
```

**SIMANDLE**, Chief Judge:

Presently before the court are eight unopposed motions to dismiss eight nearly identical complaints brought by pretrial detainees who were confined, for varying periods of time in 2009 and 2010, in the Camden County Correctional Facility ("CCCF").[1] The Court finds as follows:

1. The Plaintiffs, proceeding pro se, individually allege a number of identical claims relating to their confinement conditions in CCCF against the County of Camden and County officers, as well as Aramark, Inc. ("Aramark"), Aramark Correctional Services LLC ("ACS") and ACS's Dietician Carey.

---

[1] The pending motions to dismiss are: Cook v. Taylor, No. 10-2643 [Docket Item 8], Crone v. Taylor, No. 10-1341 [Docket Item 19], D'Agostino v. Taylor, No. 10-2740 [Docket Item 13], English v. Taylor, No. 10-2854 [Docket Item 14], Ingram v. Taylor, No. 10-2439 [Docket Item 16], Lewis v. Taylor, No. 10-2543 [Docket Item 11], Millerline v. Taylor, No. 10-2741 [Docket Item 17], and Stove v. Taylor, No. 10-3077 [Docket Item 11].
The cases were consolidated on July 6, 2010, but were unconsolidated on February 6, 2012, when the Court was unable to obtain pro bono counsel to represent all Plaintiffs jointly. See, e.g., Order, Cook v. Taylor, No. 10-2643 (D.N.J. Feb. 6, 2012). A ninth nearly identical action has no pending motion to dismiss. Green v. Taylor, No. 10-1191 (D.N.J. filed March 8, 2010). A tenth nearly identical action brought by a prisoner, not a pretrial detainee, alleges similar claims under the Eighth Amendment, and will be considered separately. Kunst v. Taylor, No. 10-1608 (D.N.J. filed Mar. 30, 2010).

Relevant to the present motions are only those claims against Aramark, ACS and Dietician Carey alleging violations of the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for serving meals in an unsanitary manner and for failing to provide adequate calories at meals.[2] Defendants Aramark, ACS and Dietician Carey have filed motions to dismiss the counts against them for failure to state a claim, because, they argue, Plaintiffs fail to allege facts showing a violation of their Due Process rights related to the food they were served while confined at the CCCF. For the reasons explained below, the motions to dismiss will be granted.

2. The facts and procedural history common to these cases were described in this Court's previous opinion, Simmons v. Taylor, No. 10-1192, 2012 WL 3863792, at *1-*2 (D.N.J. Sept. 5, 2012), which dismissed identical claims against Aramark, ACS and Dietician Carey. A copy of the Simmons opinion is attached hereto as Appendix A. In brief, these eight Plaintiffs allege that their

---

[2] Seven of the eight cases also brought similar claims under the Eighth Amendment, which this Court dismissed with prejudice, because, as pretrial detainees, the Plaintiffs' rights are protected under the Fourteenth Amendment, not the Eighth Amendment. Cook v. Taylor, No. 10-2643 [Docket Item 2], Crone v. Taylor, No. 10-1341 [Docket Item 3], D'Agostino v. Taylor, No. 10-2740 [Docket Item 2], English v. Taylor, No. 10-2854 [Docket Item 5], Ingram v. Taylor, No. 10-2439 [Docket Item 16], and Lewis v. Taylor, No. 10-2543 [Docket Item 2], Millerline v. Taylor, No. 10-2741 [Docket Item 2]. In the eighth case, Plaintiff Stove only brought claims under the Fourteenth Amendment. Stove v. Taylor, No. 10-3077 [Docket Item 1].

3

food trays often had dirt, hair, dried food or "other foreign objects" on them and that the trays were cracked, allowing substances to collect along the cracks and emit odors ("Unsanitary Meal Service").[3] [Compl. ¶¶ a-c on 9.] The Plaintiffs also allege that meals frequently differed from the posted menus and that the substitutions provided too few calories to the detainees and that Dietician Carey signed off on the substitutions ("Failure to Provide Proper Caloric Intake"). [Compl. ¶¶ a-g on 9-11.] Each Plaintiff provides an example or two of how the meals served differed from the meals listed on the menus. One representative example: the menu described one meal as including a hamburger patty on a bun with cheese and catsup, 3/4 cup of cottage fries, 1/2 cup of coleslaw, 1/2 cup of gelatin and a slice of cake; the detainees actually received one hamburger patty on a bun, six spoonfuls of mashed potatoes, two spoonfuls of chopped cabbage ("dry"), and five spoonfuls of pudding.[4]

---

[3] The relevant factual allegations in these cases are drafted with nearly identical language, paragraph numbering and pagination. Where the complaints are not identical, and the differences are significant, the Court will note the differences.

[4] Plaintiffs Cook and Ingram describe this meal. Plaintiffs Crone, D'Agostino and English describe similar substitutions: for one meal, the menu listed two slices of bread, 4 oz of turkey, 1 cup scalloped potatoes, 1/2 cup tossed salad with 1/2 oz of low-fat dressing and a slice of cake; the detainees actually received two slices of bread, two spoonfuls of shredded turkey meat with sauce, two spoonfuls of mashed potatoes, one spoonful of shredded cabbage with mayonnaise, four tortilla chips and a Nutri-Grain cereal bar. [Compl. ¶ g on 10.] Plaintiffs Lewis, Millerline and Stove describe similar substitutions in their meals. [Id.]

4

[Compl. ¶ g on 10.]

3. Plaintiffs assert generally that they suffered "serious emotional and physical injuries" as well as "measurable monetary damages" but do not allege facts supporting those conclusions. [Compl. ¶ 30 on 13.] Plaintiffs do not allege facts that they suffered damage or injury from the actions of the moving Defendants.

4. Defendants now move to dismiss the claims against them. See supra note 1. None of the Plaintiffs have filed opposition to the motions to dismiss.

5. All of the factual pleadings in these eight cases, as well as the legal assertions and claims against Defendants Aramark, ACS and Dietician Carey are materially similar, if not identical, to those in Simmons. Consequently, these cases raise identical legal issues to those decided in that case. Because the Court already conducted the relevant legal analysis in Simmons, 2012 WL 3863792, at *2-*4 [attached hereto as Appendix A], the Court herein incorporates that analysis.

6. Plaintiffs' Complaints do not satisfy the applicable standard for unconstitutional punishment under the Fourteenth Amendment as announced in Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007). Therefore, the Court will grant the motions to dismiss.

 

 

7. The accompanying Orders will be entered.


_Oct. 15 2012_
Date

                               _Jerome B. Simandle_
                                JEROME B. SIMANDLE
                                Chief U.S. District Judge

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CARLTON SIMMONS

          Plaintiff,

    v.

ERIC TAYLOR, WARDEN, et al.,

          Defendants.

HON. JEROME B. SIMANDLE

Civil No. 10-1192 (JBS/AMD)

**OPINION**

APPEARANCES:

Carlton Simmons
1317 Sheridan Street
Camden, NJ 08104
    Plaintiff pro se

Matthew J. Behr, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
    Counsel for Defendants Aramark Correctional Services, LLC,
    Aramark, Inc., and Dietician Carey

**SIMANDLE**, Chief Judge:

## I.   INTRODUCTION

This action is before the Court on the unopposed motion of Defendants Aramark Correctional Services, LLC, Aramark, Inc., and Dietician Carey to dismiss Plaintiff's claims against them for failure to state a claim. [Docket Item 21.]  In this action, Plaintiff Carlton Simmons, proceeding pro se, alleges that while he was a pretrial detainee at the Camden County Correctional Facility ("CCCF") in 2009 his constitutional rights were violated by Defendants and other responsible state actors.  In their

instant motion, Defendants argue that Plaintiff fails to allege
facts showing a violation of his Fourteenth Amendment Right to
Due Process related to the food he was served while he was
confined at the CCCF.  As will be explained below, the Court
agrees that the specific treatment Plaintiff alleges was
committed by the moving Defendants does not amount to punishment
prior to the adjudication of guilt or treatment that otherwise
states a claim for a violation of the Fourteenth Amendment.  The
Court will consequently grant Defendants' motion to dismiss.

## II.   BACKGROUND

As this action is before the Court on a motion to dismiss
for failure to state a claim, the Court takes as true all factual
allegations contained in the Complaint.  Ashcroft v. Iqbal, 556
U.S. 662, 678 (2009).  Plaintiff was held as a pretrial detainee
in the CCCF between at least July 10, 2009 and March 5, 2010.
Compl. ¶ 5.  Plaintiff alleges that while he was there, the
facility was overcrowded.  Id. ¶¶ 21-24.  Plaintiff alleges that
the overcrowding and management of the CCCF caused him several
kinds of injuries by several different parties.  Id. ¶¶ 34-36.
As relates to the moving Defendants, Plaintiff alleges that he
was served meals in an unsanitary manner, including food served
on trays that were not clean ("Unsanitary Meal Service" ¶¶ a-c on
9), and that the meals that Defendants prepared and served

2

contained inadequate calories.  ("Failure to Provide Proper
Calorie Intake" ¶¶ a-g on 9-11).

Specifically, Plaintiff alleges that particular meals served
on November 25, 2009 and December 1, 2009 departed from the
posted menu that Defendant Dietician Carey had prepared and
signed.  For example, on November 25, 2009, the advertised menu
stated that the meal would consist of two franks, two buns, 3/4
cup of ranch beans, 1/2 cup of coleslaw, 1/2 cup of tossed salad,
1/2 oz of low-fat dressing, 1/4 oz of mustard, and 1/2 cup of
vanilla pudding.  Compl. ¶ iv at 11.  By contrast, the actual
lunch served (presumably to Plaintiff himself) on that day was:
two hot dogs, two buns, four pieces of dry cabbage leaves, three
spoonfuls of beans, and an apple.  Id. at ¶ iii.

Plaintiff does not allege any facts indicating that he
suffered any physical or psychological damage or injury from the
actions of the moving Defendants.  However, he does allege,
generally, that he "suffered serious emotional and physical
injuries, and has suffered real and measurable monetary damages"
but does not allege facts supporting such conclusions.  Id. ¶ 30
at 13.  Plaintiff alleges that the treatment of Defendants
violated his rights under both the Eighth Amendment and the
Fourteenth Amendment.

Plaintiff filed his Complaint on March 5, 2010.  On May 25,
2010, the Court dismissed Plaintiff's Eighth Amendment claims,

3

concluding that because Plaintiff alleged he was a pretrial detainee at the time of the conduct alleged, his rights are protected under the Fourteenth Amendment and not the Eighth Amendment.  [Docket Item 7.]

Defendants have subsequently moved to dismiss, to which Plaintiff has filed no opposition.


## III.  DISCUSSION

### A.  Standard of Review

In order to give defendant fair notice, and to permit early dismissal if the complained-of conduct does not provide adequate grounds for the cause of action alleged, a complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to liability.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a) and 11(b)(3).  These factual allegations must present a plausible basis for relief (i.e., something more than the mere possibility of legal misconduct).  See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).

In its review of a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff."  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche

4

Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)).  The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 556 U.S. at 678.  The Court's task, when reviewing a motion pursuant to Rule 12(b)(6), is to "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief, so the complaint must contain allegations beyond [merely claiming] plaintiff's entitlement to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) (emphasis added).

When evaluating a motion to dismiss under Rule 12(b)(6), "[w]here the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally."  Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009) (citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972)).  The Court will, therefore, construe facts alleged, wherever possible, in a manner favorable to Plaintiff, but even so, the Complaint must allege sufficient facts from which a plausible claim to relief can be shown.

## B. Discussion

In his Complaint, Plaintiff brings four Counts against the moving Defendants: Counts III, IV, V and VI.  Counts III and IV

are against Defendant Aramark, and Counts V and VI are against
Defendants ACS and "Dietician", presumably Defendant Carey.  The
Court previously dismissed Counts III and V, which seek relief
under the Eighth Amendment, in its _sua_ _sponte_ screening.  [Docket
Item 7.]  Therefore, the sole remaining Counts against the moving
Defendants are Counts IV and VI, which allege identical conduct,
and claim that such conduct violates the Fourteenth Amendment's
Due Process Clause.

   Defendants argue that Plaintiff has not alleged facts
sufficient to support a claim under the Fourteenth Amendment,
because he has not alleged facts sufficient to demonstrate that
any of his meals were unconstitutionally deficient in calories,
or that the sanitation was sufficiently lacking as to violate the
Fourteenth Amendment.  The Court agrees.

   The Court has previously stated that when a pretrial
detainee such as Plaintiff raises a Fourteenth Amendment Due
Process challenge, the Court looks to the standard set forth in
_Bell v. Wolfish_, 441 U.S. 520 (1979), _i.e._, whether the
conditions of confinement complained of amounted to punishment
prior to the adjudication of guilt.  See _Acevedo v. CFG Health_
_Systems Staff_, Civ. No. 10-5103, 2010 WL 4703774 *4 (D.N.J. Nov.
12, 2010).

   The Due Process Clause of the Fourteenth Amendment prohibits
punishment of a pretrial detainee prior to an adjudication of

6

guilt in accordance with due process of law.  See Bell v.
Wolfish, 441 U.S. at 535.  The Third Circuit summarized the
conditions of confinement standard under Bell as follows:

> [A] particular measure amounts to punishment
> when there is a showing of express intent to
> punish on the part of detention facility
> officials, when the restriction or condition
> is not rationally related to a legitimate non-
> punitive government purpose, or when the
> restriction is excessive in light of that
> purpose.

Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007) (citation
and internal quotation marks omitted).

Thus, the Third Circuit has "distilled the Supreme Court's
teachings in Bell into a two-part test.  We must ask, first,
whether any legitimate purposes are served by these conditions,
and second, whether these conditions are rationally related to
these purposes."  Hubbard v. Taylor, 538 F.3d 229, 232 (3d Cir.
2008) (citation and internal quotation marks omitted).  Moreover,
the Fourteenth Amendment standard of unconstitutional punishment,
like the Eighth Amendment's cruel and unusual punishments
standard, contains both an objective component and a subjective
component:

> Unconstitutional punishment typically includes
> both objective and subjective components.  As
> the Supreme Court explained in Wilson v.
> Seiter, 501 U.S. 294 . . . (1991), the
> objective component requires an inquiry into
> whether "the deprivation [was] sufficiently
> serious" and the subjective component asks
> whether "the officials act[ed] with a
> sufficiently culpable state of mind[.]" Id. at

7

> 298 . . . . The Supreme Court did not abandon
> this bipartite analysis in Bell, but rather
> allowed for an inference of mens rea where the
> restriction is arbitrary or purposeless, or
> where the restriction is excessive, even if it
> would accomplish a legitimate governmental
> objective.

Stevenson, 495 F.3d at 68.

Under the Due Process Clause, prison officials must satisfy inmates' "basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety." Helling v. McKinney, 509 U.S. 25, 32 (1993). The Constitution requires "that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it' [and] under certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983). "[A] prisoner's diet must provide adequate nutrition, but prison officials cannot be held liable under the [constitutional standard] unless the prisoner shows both an objectively serious risk of harm and that the officials knew about it and could have prevented it but did not." Mays v. Springborn, 575 F.3d 643, 648 (7th Cir. 2009) (citation omitted).

The allegations in Plaintiff's Complaint do not satisfy the objective component. While Plaintiff alleges that the food he was served on two different days departed from the posted menu,

8

and that on unspecified days the trays that the food was served on were not clean, these allegations do not meet the objective component described in Stevenson.

As to his caloric intake, the alleged deviations from the menu on the two specified days in late 2009 do not raise a plausible inference that Defendants caused Plaintiff to suffer from malnutrition as a result of having, for example, a "Nutri Grain bar" substituted for a slice of cake.  See Compl. ¶ 48. Plaintiff's allegations do not permit the Court to conclude that he was offered an insufficient number of calories even for a single day, as the only specific allegations relate to single meals in the day, and Plaintiff's conclusory statements that his diet was insufficient is not accorded the presumption of truth under Iqbal.

As to the alleged unsanitary conditions, Plaintiff alleges that dirt, hair, foreign objects and dried food, on occasion, ended up on Plaintiff's tray, and that the trays smelled bad. See Compl. at "Unsanitary Meal Service" ¶¶ a-c on 9.  These allegations, likewise, do not rise to the threshold of the objective component of the standard announced in Stevenson. Plaintiff does not allege that he or any other inmate became ill or otherwise suffered any injury from the preparation of the food.  Indeed, Plaintiff does not allege facts sufficient to plausibly show that such conditions occurred frequently or rarely

9

during the time of his confinement at CCCF.  Accordingly, the
Court concludes that Plaintiff fails to state a claim against the
moving Defendants in Counts IV and VI of the Complaint.

## IV.  CONCLUSION

For the reasons stated above, the Court will grant
Defendants' motion  to dismiss Counts IV and VI of the Complaint
for failure to state a claim.  The accompanying Order will be
entered.


**September 5, 2012**                     **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          Chief U.S. District Judge

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CARLTON SIMMONS

            Plaintiff,

    v.

ERIC TAYLOR, WARDEN, et al.,

           Defendants.

HON. JEROME B. SIMANDLE

Civil No. 10-1192 (JBS/AMD)

**ORDER**

This matter having come before the Court upon the motion to
dismiss of Defendants Aramark Correctional Services, LLC,
Aramark, Inc., and Dietician Carey [Docket Item 21]; the Court
having considered the submissions of the Defendants in support
thereof and Plaintiff having submitted no opposition thereto; for
the reasons stated in the Opinion of today's date; and for good
cause shown;

IT IS this _____ **5th** _____ day of _____ **September** _____, **2012** hereby

ORDERED that Defendants' motion to Dismiss is **GRANTED**; the
Court shall dismiss Counts IV and VI from the Complaint, and
Defendants Aramark Correctional Services, LLC, Aramark, Inc. and
Dietician Carey shall be terminated from the action.

          **s/ Jerome B. Simandle**
          JEROME B. SIMANDLE
          Chief U.S. District Judge